**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

KARIS WHITE.                           *

        Plaintiff,            *

vs.

                    *

PRINCESS ANNE VOLUNTEER
FIRE COMPANY INCORPORATED,       *       Case No.: 1:23-cv-02328-JMC
*et al.*

                    *

        Defendants.          *

*    *    *    *    *    *    *    *    *    *    *    *    *

**DEFENDANT CHARLES RYAN BOZMAN'S ANSWER TO THE COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

Defendant, Charles Ryan Bozman ("Mr. Bozman" or "Chief Bozman"), by and through

his undersigned attorneys, hereby answers the Complaint filed by the Plaintiff, Karis White

("Plaintiff" or "Ms. White"), and states as follows:

With respect to the un-numbered introductory paragraphs under the heading "Complaint"

on page 2 of Plaintiff's Complaint, Mr. Bozman denies that he has committed any improper act as

alleged, denies that any such claims are well-taken, denies all remaining allegations in the un-

numbered paragraphs, and demands strict proof thereof.

<u>**PARTIES**</u>

1.      Mr. Bozman admits that Plaintiff began her employment with Princess Anne

Volunteer Fire Company, Incorporated ("PAVFC") as an Emergency Medical Technician

("EMT") on or around August 16, 2022, and that Plaintiff was a paid employee of PAVFC.  Mr.

Bozman is otherwise without sufficient information or knowledge at this time to form a belief as

to the truth or falsity of the remaining allegations contained in paragraph 1 of the Complaint and, therefore, denies same.

2.      Mr. Bozman admits the allegations contained in paragraph 2 of the Complaint.

3.      Mr. Bozman admits that he was elected to and held the position of Fire Chief within the PAVFC for the term beginning on or about December 16, 2021 and ending on or about December 22, 2022.  Mr. Bozman denies that he was a paid employee of the PAVFC at any time. The phrase "was at all relevant times" is vague and ambiguous, and, therefore, Mr. Bozman is without sufficient information or knowledge at this time to otherwise form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

4.      Mr. Bozman admits that Defendant Eltonio Collins ("Mr. Collins") was a paramedic and paid employee of the PAVFC, whose employment began on or about April of 2003 and was terminated on or about April 7, 2023, following a leave of absence that began on or about September 13, 2022, and continued through the date of termination.  Mr. Bozman admits that Mr. Collins was Plaintiff's shift supervisor during certain assigned shifts, and that Mr. Collins was Plaintiff's field training officer beginning from Plaintiff's date of hire and ending on August 21, 2022.  The phrase "was at all relevant times" is vague and ambiguous, and, therefore, Mr. Bozman is without sufficient information or knowledge at this time to otherwise form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

## JURISDICTION AND VENUE

5.      Paragraph 5 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent a response is required, Mr. Bozman is

without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Paragraph 6 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required. To the extent a response is required, Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and, therefore, denies same.

7. Paragraph 7 calls for a legal conclusion for which no admission or denial is required. To the extent a response is required, Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Mr. Bozman admits that Plaintiff filed a sworn Charge of Discrimination dated December 4, 2022, with the U.S. Equal Employment Commission ("EEOC"). Mr. Bozman is otherwise without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Mr. Bozman admits that the EEOC issued a Notice of Right to File Suit on or about August 23, 2023, a copy of which is attached as Exhibit 1 to Plaintiff's Complaint. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Mr. Bozman admits that Plaintiff filed the Complaint in this matter within 90 days of the EEOC's issuance of the Notice of Right To File Suit.

11.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12.     Paragraph 12 is not an allegation of fact, but rather a statement of Plaintiff's legal position before the Court, for which no admission or denial is required.  To the extent a response is required, Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint and, therefore, denies same.

## **FACTUAL ALLEGATIONS**

**A.  Defendant Collins raped Plaintiff on August 24, 2022 while both were working at PAFD.[1]**

13.     Mr. Bozman admits the allegations of paragraph 13.

14.     Mr. Bozman admits the allegations of paragraph 14.

15.     Mr. Bozman denies that Mr. Collins was acting as a field training officer during his shift from 8:00 AM on August 24, 2022 to 8:00 AM on August 25, 2022.  Mr. Bozman admits that Mr. Collins was a PAVFC senior paramedic, shift supervisor and on-duty paramedic during this specific shift.  Mr. Bozman further admits that Mr. Collins was designated by Somerset County to hold the title of "Highest Jurisdictional Officer," a position for which the duties and obligations are determined by each Maryland county and the Maryland Institute for Emergency Medical Services Systems (MIEMSS).  To the extent that the vague and ambiguous allegations of paragraph 15 assert that the "highest jurisdictional officer on site" was a role designated by, governed by, authorized by, or otherwise determined by Mr. Bozman or PAVFC, the same is specifically denied.

---

[1]     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in heading Section **A.** of the Complaint and, therefore, denies same.

16.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

22.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

24. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint and, therefore, denies same.

25. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint and, therefore, denies same.

26. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint and, therefore, denies same.

27. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint and, therefore, denies same.

28. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint and, therefore, denies same.

29. Mr. Bozman denies the allegations of paragraph 29 of the Complaint.

30. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

31.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint and, therefore, denies same.

32.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

**B.  Plaintiff reported Defendant Collins' misconduct, but the Defendants failed to investigate the rape and assault, were deliberately indifferent to the sexual assault and injuries that Plaintiff suffered, retaliated against the Plaintiff, and created a hostile working environment for Plaintiff.[2]**

33.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

35.     Mr. Bozman admits the allegations contained within paragraph 35 insofar as that on September 9, 2022, Plaintiff reported to then PAVFC Chief Bozman that Mr. Collins had committed described acts that Plaintiff characterizes as rape and assault.  To the extent that, as phrased, the allegations contained within paragraph 35 assume as fact that "the rape and assault" occurred, Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of such alleged fact and, therefore, denies same.

---

[2]     Mr. Bozman denies the allegations contained in heading Section **B.** of the Complaint and demands strict proof thereof.

36. Mr. Bozman admits the allegations contained within paragraph 36 insofar as that then Captain Morgan Pusey ("Mr. Pusey") interviewed Plaintiff following her report to Mr. Bozman. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegation that "other PAFD personnel," not otherwise identified within Plaintiff's Complaint, interviewed Plaintiff and, therefore, denies same.

37. Mr. Bozman admits the allegations contained within paragraph 37 insofar as that following Mr. Pusey's interview, PAVFC provided Plaintiff the opportunity to return home, with pay, for the remainder of her shift, which she did.

38. Mr. Bozman admits the allegations contained within paragraph 38 insofar as Mr. Collins was on-shift on September 9, 2022 when Plaintiff was interviewed, and he remained for the duration of his shift.

39. Mr. Bozman denies the allegations of paragraph 39 of the Complaint.

40. Mr. Bozman denies the allegations of paragraph 40 of the Complaint.

41. Mr. Bozman denies the allegations of paragraph 41 of the Complaint.

42. With regard to the allegations contained within paragraph 42, Mr. Bozman is without sufficient knowledge to admit or deny whether there were "prior complaints of sexual harassment and/or sexual assault against Mr. Collins" made to any individual, or whether Mr. Bozman had any knowledge of any such alleged prior complaints, which are not otherwise defined within Plaintiff's Complaint, and Mr. Bozman therefore denies same. Mr. Bozman specifically denies that any prior complaints of sexual harassment and/or sexual assault against Mr. Collins were made to him. Mr. Bozman further denies that, as Chief of the PAVFC, he had any administrative authority to allow or disallow Mr. Collins to remain employed by PAVFC, and denies that he had any duty, obligation, authority, or circumstances upon which to "take any actions

to prevent Mr. Collins from sexually assaulting Ms. White." To the extent that the allegations of paragraph 42 assume as fact that Mr. Collins sexually assaulted Ms. White, Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of such alleged fact and, therefore, denies same.

43. Mr. Bozman denies the allegations of paragraph 43 of the Complaint.

44. Mr. Bozman admits that the MIEMSS Board (the "Board") issued a sanction in response to isolated unprofessional acts allegedly made by Mr. Bozman toward subordinate members of PAVFC on September 9 and October 16, 2022, resulting in the Board's reprimand and placement of Mr. Bozman's license on probation for one year starting March 16, 2022. Mr. Bozman specifically denies that the Board's sanction was "as a result of his harassment and retaliation of Ms. White," and Mr. Bozman further denies that he engaged in any such legally actionable harassment or retaliation.

45. Mr. Bozman admits that the MIEMSS Board issued a Final Decision which states that "the EMS Board finds that on September 9, and October 16, 2022, the Paramedic acted unprofessionally by making threats of physical violence against subordinate members of the Princess Anne Volunteer Fire Company." Mr. Bozman denies any remaining allegations of paragraph 45 of the Complaint.

46. Mr. Bozman admits that the MIEMSS Board issued a Final Decision which states that "[t]he Board further finds that such conduct violates COMAR 30.02.04.01, which prohibits a Paramedic from: C. Engaging in unprofessional or immoral conduct while providing emergency medical services." Mr. Bozman denies any remaining allegations of paragraph 46 of the Complaint.

47. Mr. Bozman denies the allegations of paragraph 47 of the Complaint.

48.     Mr. Bozman denies the allegations of paragraph 48 of the Complaint.

49.     Mr. Bozman denies the allegations of paragraph 49 of the Complaint.

50.     Mr. Bozman admits that after reporting the alleged rape and assault, Ms. White requested a shift change.  To the extent that the allegations of paragraph 50 state as fact that Mr. Collins was "the man who raped her," Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of such alleged facts and, therefore, denies same.

51.     Mr. Bozman denies the allegations of paragraph 51 of the Complaint.

52.     Mr. Bozman denies the allegations of paragraph 52 of the Complaint.

53.     Mr. Bozman admits that Plaintiff filed a Charge of Discrimination dated December 4, 2022, with the EEOC.  Mr. Bozman is otherwise without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint and, therefore, denies same.

54.     It is admitted that on or about May 10, 2023, the EEOC provided PAVFC's position statement filed with the EEOC to Ms. White's attorneys.  It is further admitted that on May 18, 2023, Ms. White's attorney, Michal Shinnar ("Attorney Shinnar"), contacted the EEOC Senior Investigator, George Collins ("Investigator Collins") and undersigned counsel for PAVFC, Michele R. Kendus ("Attorney Kendus"), by electronic mail, to provide notification that "Respondent's Exhibit B to the Position Statement, Complainant's employee files, contains Complainant Karis White's full Social Security Number on numerous pages, as well as other personal sensitive information such as her bank account information," and to "ask that the EEOC promptly ensure that these documents are removed from the public portal, as well as take all appropriate steps to ensure that this sensitive information is removed from the EEOC systems."  It

is specifically denied that PAVFC, "recklessly and inappropriately provided Ms. White's personal identifiable information" in the EEOC submission, and it is further stated that Attorney Kendus informed Attorney Shinnar, by electronic mail on which Investigator Collins was copied, that the submission "was filed under the 'confidential' provision provided in the portal, and I specifically informed [Investigator] Collins that the employee file exhibits were filed under confidentiality due to the existence of the SS#, Driver's License # and bank information. [Investigator] Collins assured me that the documents are maintained as confidential, not open to public disclosure . . .".

55.     Mr. Bozman denies the allegations of paragraph 55 of the Complaint.

56.     Mr. Bozman admits the allegations of paragraph 56 of the Complaint.

57.     Mr. Bozman denies the allegations of paragraph 57 of the Complaint.

58.     Mr. Bozman denies the allegations of paragraph 58 of the Complaint.

59.     Mr. Bozman denies the allegations of paragraph 59 of the Complaint.

60.     Mr. Bozman denies the allegations of paragraph 60 of the Complaint.

**C. Prior to the rape and assault of Ms. White, PAFD had knowledge that Collins was predatory and dangerous, yet continued to retain him as an employee.[3]**

61.     Mr. Bozman denies the allegations of paragraph 61 of the Complaint.

62.     Mr. Bozman denies the allegations of paragraph 62 of the Complaint.

63.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Complaint and, therefore, denies same.

64.     Mr. Bozman specifically denies that any such alleged "reputation of physically assaulting and engaging in unwanted touching of female co-workers and subordinates, including pulling hair and rubbing and touching bodies" was known or reasonably knowable to Mr. Bozman.

---

[3]     Mr. Bozman denies the allegations contained in heading Section **C.** of the Complaint.

Mr. Bozman is otherwise without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 64 of the Complaint and, therefore, denies same.

65.     Mr. Bozman denies that any such alleged "reputation of threatening to revoke female employees' EMS certifications if they did not comply with his efforts to sexually coerce them" was known or reasonably knowable to Mr. Bozman. Mr. Bozman is otherwise without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Complaint and, therefore, denies same.

66.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Complaint and, therefore, denies same.

67.     Mr. Bozman admits that a Charge was filed and is currently pending before the EEOC alleging sexual harassment by Mr. Collins. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the alleged conduct of Mr. Collins described within that Charge and, therefore, denies same.

68.     Mr. Bozman denies the allegations of paragraph 68 of the Complaint.

69.     Mr. Bozman denies the allegations of paragraph 69 of the Complaint.

70.     Mr. Bozman denies the allegations of paragraph 70 of the Complaint.

## CAUSES OF ACTION

### COUNT I
**Discrimination and Harassment in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-1, *et seq*. ("Title VII")**
**(Against Defendant PAVFC)**

71.     Mr. Bozman repeats and realleges each and every Answer set forth in the preceding paragraphs as if each were fully set forth herein.

12

72.     Paragraph 72 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman admits that Plaintiff was a paid employee of PAVFC.

73.     Paragraph 73 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman admits that Plaintiff was a paid employee of PAVFC.

74.     Paragraph 74 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that Mr. Collins is an employee of PAVFC.

75.     Paragraph 75 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that Mr. Collins had any responsibility or authority to hire, fire or otherwise engage in administrative supervisory and/or disciplinary measures with regard to Plaintiff's employment with PAVFC.

76.     Paragraph 76 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that he is or ever was a paid employee of PAVFC.  Mr. Bozman admits that he is a member volunteer with PAVFC.

77.     Paragraph 77 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that he had any responsibility or authority to hire, fire or otherwise engage in administrative supervisory and/or disciplinary measures with regard to Plaintiff's employment.

78. Paragraph 78 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required. Further, paragraph 78 presents a vague and ambiguous assertion that, as stated, Mr. Bozman denies.

79. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the Complaint and, therefore, denies same.

80. Mr. Bozman denies the allegations of paragraph 80 of the Complaint.

81. Mr. Bozman denies the allegations of paragraph 81 of the Complaint, including each of its subparts a) through j).

82. Mr. Bozman denies the allegations of paragraph 82 of the Complaint.

83. Mr. Bozman denies the allegations of paragraph 83 of the Complaint.

84. Mr. Bozman denies the allegations of paragraph 84 of the Complaint.

85. Mr. Bozman denies the allegations of paragraph 85 of the Complaint.

86. Mr. Bozman denies the allegations of paragraph 86 of the Complaint.

87. Mr. Bozman denies the allegations of paragraph 87 of the Complaint.

88. Mr. Bozman denies the allegations of paragraph 88 of the Complaint.

89. Mr. Bozman denies the allegations of paragraph 89 of the Complaint.

90. Mr. Bozman denies the allegations of paragraph 90 of the Complaint.

91. Mr. Bozman denies the allegations of paragraph 91 of the Complaint.

WHEREFORE, Mr. Bozman hereby respectfully requests that the Complaint filed against him be dismissed with prejudice, and for any other relief that this Court may deem proper.

## COUNT II
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964,
### 42 U.S.C. § 2000e-1, *et seq.*
### (Against Defendant PAVFC)

92.     Mr. Bozman repeats and realleges each and every Answer set forth in the preceding paragraphs as if each were fully set forth herein.

93.     Paragraph 93 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman admits that Plaintiff was a paid employee of PAVFC.

94.     Paragraph 94 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman admits that Plaintiff was a paid employee of PAVFC.

95.     Paragraph 95 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that Mr. Collins is an employee of PAVFC.

96.     Paragraph 96 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that Mr. Collins with any responsibility or authority to hire, fire or otherwise engage in administrative supervisory and/or disciplinary measures with regard to Plaintiff's employment with PAVFC.

97.     Paragraph 97 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that he is or ever was a paid employee of PAVFC. Mr. Bozman admits that he is a member volunteer with PAVFC.

98. Paragraph 98 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required. To the extent that a response is required, Mr. Bozman denies that he had any responsibility or authority to hire, fire or otherwise engage in administrative supervisory and/or disciplinary measures with regard to Plaintiff's employment.

99. Paragraph 99 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required. Further, paragraph 99 presents a vague and ambiguous assertion that, as stated, Mr. Bozman denies.

100. Mr. Bozman denies the allegations of paragraph 100 of the Complaint.

101. Paragraph 101 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required. Further, paragraph 101 presents compound, vague, and ambiguous assertions that, as stated, PAVFC denies.

102. Mr. Bozman denies the allegations of paragraph 102 of the Complaint, including each of its subparts a) through f).

103. Mr. Bozman denies the allegations of paragraph 103 of the Complaint.

104. Mr. Bozman denies the allegations of paragraph 104 of the Complaint.

105. Mr. Bozman denies the allegations of paragraph 105 of the Complaint.

106. Mr. Bozman denies the allegations of paragraph 106 of the Complaint.

107. Mr. Bozman denies the allegations of paragraph 107 of the Complaint.

108. Mr. Bozman denies the allegations of paragraph 108 of the Complaint.

109. Mr. Bozman denies the allegations of paragraph 109 of the Complaint.

110. Mr. Bozman denies the allegations of paragraph 110 of the Complaint.

WHEREFORE, Mr. Bozman hereby respectfully requests that the Complaint filed against him be dismissed with prejudice, and for any other relief that this Court may deem proper.

**COUNT III**
**Discrimination and Harassment in Violation of the Maryland Human Relations Act,**
**Md. Code, State Gov't §§ 20-601 *et seq*. ("MHRA").**
**(Against Defendants PAVFC and Mr. Bozman)**

111. Mr. Bozman repeats and realleges each and every Answer set forth in the preceding paragraphs as if each were fully set forth herein.

112. Paragraph 112 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required. Further, paragraph 112 presents a vague and ambiguous assertion that, as stated, Mr. Bozman denies.

113. Paragraph 113 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required. To the extent that a response is required, Mr. Bozman admits that Plaintiff was a paid employee of PAVFC.

114. Paragraph 114 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required. To the extent that a response is required, Mr. Bozman admits that Plaintiff was a paid employee of PAVFC.

115. Paragraph 115 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required. To the extent that a response is required, Mr. Bozman denies that he is or ever was a paid employee of PAVFC. Mr. Bozman admits that he is a member volunteer with PAVFC.

116. Paragraph 116 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required. To the extent that a response is required, Mr. Bozman denies that he had any responsibility or authority to hire, fire or otherwise engage in administrative supervisory and/or disciplinary measures with regard to Plaintiff's employment with PAVFC, whether acting as the Fire Chief or otherwise.

117.     Paragraph 117 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that he had any responsibility or authority to hire, fire or otherwise engage in administrative supervisory and/or disciplinary measures with regard to Plaintiff's employment with PAVFC.

118.     Paragraph 118 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that Mr. Collins is an employee of PAVFC.

119.     Paragraph 119 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that Mr. Collins had any responsibility or authority to hire, fire or otherwise engage in administrative supervisory and/or disciplinary measures with regard to Plaintiff's employment with PAVFC.

120.     Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 120 of the Complaint and, therefore, denies same.

121.     Mr. Bozman denies the allegations of paragraph 121 of the Complaint.

122.     Paragraph 122 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, PAVFC admits that Md. Code, State Government, § 20-606 (a)(1)(i) states that "[a]n employer may not fail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to the individual's compensation, terms, conditions, or privileges of employment because of the individual's race, color, religion, sex, . . .".

123. Paragraph 123 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required. To the extent that a response is required, PAVFC admits that Md. Code, State Government, § 20-606 (a)(1)(i) states that "[a]n employer may not fail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to the individual's compensation, terms, conditions, or privileges of employment because of the individual's race, color, religion, sex, . . .".

124. Paragraph 124 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required. To the extent that a response is required, PAVFC admits that Md. Code, State Government, § 20-607 (a) states that "[f]or purposes of this subtitle, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subtitle, when: (1) a discriminatory compensation decision or other practice is adopted; (2) an individual becomes subject to a discriminatory compensation decision or other practice; or (3) an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting wholly or partly from the discriminatory compensation decision or other practice."

125. Mr. Bozman denies the allegations of paragraph 125 of the Complaint, including each of its subparts a) through l).

126. Mr. Bozman denies the allegations of paragraph 126 of the Complaint.

127. Mr. Bozman denies the allegations of paragraph 127 of the Complaint.

128. Mr. Bozman denies the allegations of paragraph 128 of the Complaint.

129. Mr. Bozman denies the allegations of paragraph 129 of the Complaint.

130. Mr. Bozman denies the allegations of paragraph 130 of the Complaint.

131. Mr. Bozman denies the allegations of paragraph 131 of the Complaint.

132.    Mr. Bozman denies the allegations of paragraph 132 of the Complaint.

WHEREFORE, Mr. Bozman hereby respectfully requests that the Complaint filed against him be dismissed with prejudice, and for any other relief that this Court may deem proper.

**COUNT IV**
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964,**
**42 U.S.C. § 2000e-1, *et seq.***
**(Against Defendant PAVFC)**

133.    Mr. Bozman repeats and realleges each and every Answer set forth in the preceding paragraphs as if each were fully set forth herein.

134.    Paragraph 134 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman admits that Plaintiff was a paid employee of PAVFC.

135.    Paragraph 135 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman admits that Plaintiff was a paid employee of PAVFC.

136.    Paragraph 136 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that he is or ever was a paid employee of PAVFC.  Mr. Bozman admits that he is a member volunteer with PAVFC.

137.    Paragraph 137 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that he had any responsibility or authority to hire, fire or otherwise engage in administrative supervisory and/or disciplinary measures with regard to Plaintiff's employment, whether acting as the PAVFC Fire Chief or otherwise.

138.     Paragraph 138 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that he had any responsibility or authority to hire, fire or otherwise engage in administrative supervisory and/or disciplinary measures with regard to Plaintiff's employment.

139.     Paragraph 139 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that Mr. Collins is an employee of PAVFC.

140.     Paragraph 140 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  To the extent that a response is required, Mr. Bozman denies that Mr. Collins with any responsibility or authority to hire, fire or otherwise engage in administrative supervisory and/or disciplinary measures with regard to Plaintiff's employment with PAVFC.

141.     Paragraph 141 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  Further, paragraph 141 presents a vague and ambiguous assertion that, as stated, Mr. Bozman denies.

142.     Mr. Bozman denies the allegations of paragraph 142 of the Complaint.

143.     Paragraph 143 of the Complaint presents a conclusion of law, rather than allegations of fact, to which no response is required.  Further, paragraph 143 presents compound, vague, and ambiguous assertions that, as stated, Mr. Bozman denies.

144.     Mr. Bozman denies the allegations of paragraph 144 of the Complaint, including each of its subparts g) through m).[4]

145.     Mr. Bozman denies the allegations of paragraph 145 of the Complaint.

---

[4] Subparts a) through f) are not contained within Paragraph 144 of the Complaint.

146. Mr. Bozman denies the allegations of paragraph 146 of the Complaint.

147. Mr. Bozman denies the allegations of paragraph 147 of the Complaint.

148. Mr. Bozman denies the allegations of paragraph 148 of the Complaint.

149. Mr. Bozman denies the allegations of paragraph 149 of the Complaint.

150. Mr. Bozman denies the allegations of paragraph 150 of the Complaint.

151. Mr. Bozman denies the allegations of paragraph 151 of the Complaint.

152. Mr. Bozman denies the allegations of paragraph 152 of the Complaint.

WHEREFORE, Mr. Bozman hereby respectfully requests that the Complaint filed against him be dismissed with prejudice, and for any other relief that this Court may deem proper.

**COUNT V**
**Negligent Supervision**
**(Against Defendants PAVFC and Mr. Bozman)**

153. Mr. Bozman repeats and realleges each and every Answer set forth in the preceding paragraphs as if each were fully set forth herein.

154. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 154 of the Complaint and, therefore, denies same.

155. Mr. Bozman denies the allegations of paragraph 155 of the Complaint.

156. Mr. Bozman denies the allegations of paragraph 156 of the Complaint.

157. Mr. Bozman denies the allegations of paragraph 157 of the Complaint.

158. Mr. Bozman denies the allegations of paragraph 158 of the Complaint.

159. Mr. Bozman denies the allegations of paragraph 159 of the Complaint.

160. Mr. Bozman denies the allegations of paragraph 160 of the Complaint.

161. Mr. Bozman denies the allegations of paragraph 161 of the Complaint.

WHEREFORE, Mr. Bozman hereby respectfully requests that the Complaint filed against him be dismissed with prejudice, and for any other relief that this Court may deem proper.

**COUNT VI**
**Negligent Retention**
**(Against Defendants PAVFC and Mr. Bozman)**

162.     Mr. Bozman repeats and realleges each and every Answer set forth in the preceding paragraphs as if each were fully set forth herein.

163.     Mr. Bozman admits that Plaintiff was an employee with PAVFC beginning on or around August 16, 2022 to May 26, 2023.

164.     Mr. Bozman denies the allegations of paragraph 164 of the Complaint.

165.     Mr. Bozman denies the allegations of paragraph 165 of the Complaint.

166.     Mr. Bozman denies the allegations of paragraph 166 of the Complaint.

167.     Mr. Bozman denies the allegations of paragraph 167 of the Complaint.

168.     Mr. Bozman denies the allegations of paragraph 168 of the Complaint.

169.     Mr. Bozman denies the allegations of paragraph 169 of the Complaint.

170.     Mr. Bozman denies the allegations of paragraph 170 of the Complaint.

WHEREFORE, Mr. Bozman hereby respectfully requests that the Complaint filed against him be dismissed with prejudice, and for any other relief that this Court may deem proper.

**COUNT VII**
***Quid Pro Quo* Sexual Harassment**
**(Against All Defendants)**

171.     Mr. Bozman repeats and realleges each and every Answer set forth in the preceding paragraphs as if each were fully set forth herein.

172. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 172 of the Complaint and, therefore, denies same.

173. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 173 of the Complaint and, therefore, denies same.

174. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 174 of the Complaint and, therefore, denies same.

175. Mr. Bozman denies the allegations of paragraph 175 of the Complaint.

176. Mr. Bozman admits that on September 9, 2022, Plaintiff reported that Mr. Collins had committed described acts that Plaintiff characterizes as sexual misconduct and rape to PAVFC and Mr. Bozman. To the extent that, as phrased, the allegations contained within paragraph 176 assume as fact that Mr. Collins committed sexual misconduct and rape, Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of such alleged fact and, therefore, denies same.

177. Mr. Bozman denies the allegations of paragraph 177 of the Complaint.

178. Mr. Bozman denies the allegations of paragraph 178 of the Complaint.

179. Mr. Bozman denies the allegations of paragraph 179 of the Complaint.

WHEREFORE, Mr. Bozman hereby respectfully requests that the Complaint filed against him be dismissed with prejudice, and for any other relief that this Court may deem proper.

## COUNT VIII
## Assault
## (Against Defendants Collins and PAVFC)

180.  Mr. Bozman repeats and realleges each and every Answer set forth in the preceding paragraphs as if each were fully set forth herein.

181.  Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 181 of the Complaint and, therefore, denies same.

182.  Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 182 of the Complaint and, therefore, denies same.

183.  Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 183 of the Complaint and, therefore, denies same.

184.  Mr. Bozman denies the allegations of paragraph 184 of the Complaint.

185.  Mr. Bozman denies the allegations of paragraph 185 of the Complaint.

WHEREFORE, Mr. Bozman hereby respectfully requests that the Complaint filed against him be dismissed with prejudice, and for any other relief that this Court may deem proper.

## COUNT IX
## Battery
## (Against Defendants Collins and PAVFC)

186.  Mr. Bozman repeats and realleges each and every Answer set forth in the preceding paragraphs as if each were fully set forth herein.

187.    Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 187 of the Complaint and, therefore, denies same.

188.    Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 188 of the Complaint and, therefore, denies same.

189.    Mr. Bozman denies the allegations of paragraph 189 of the Complaint.

190.    Mr. Bozman denies the allegations of paragraph 190 of the Complaint.

WHEREFORE, Mr. Bozman hereby respectfully requests that the Complaint filed against him be dismissed with prejudice, and for any other relief that this Court may deem proper.

## COUNT X
### False Imprisonment
### (Against Defendants Collins and PAVFC)

191.    Mr. Bozman repeats and realleges each and every Answer set forth in the preceding paragraphs as if each were fully set forth herein.

192.    Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 192 of the Complaint and, therefore, denies same.

193.    Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 193 of the Complaint and, therefore, denies same.

194.    Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 194 of the Complaint and, therefore, denies same.

195.    Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 195 of the Complaint and, therefore, denies same.

196.    Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 196 of the Complaint and, therefore, denies same.

197.    Mr. Bozman denies the allegations of paragraph 197 of the Complaint.

198.    Mr. Bozman denies the allegations of paragraph 198 of the Complaint.

WHEREFORE, Mr. Bozman hereby respectfully requests that the Complaint filed against him be dismissed with prejudice, and for any other relief that this Court may deem proper.

## COUNT XI
### Intentional Infliction of Emotional Distress
### (Against all Defendants)

199.    Mr. Bozman repeats and realleges each and every Answer set forth in the preceding paragraphs as if each were fully set forth herein.

200.    Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 200 of the Complaint and, therefore, denies same.

201.    Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 201 of the Complaint and, therefore, denies same.

202.    Mr. Bozman denies the allegations of paragraph 202 of the Complaint.

203.    Mr. Bozman denies the allegations of paragraph 203 of the Complaint.

204.    Mr. Bozman denies the allegations of paragraph 204 of the Complaint.

205. Mr. Bozman denies the allegations of paragraph 205 of the Complaint.

206. Mr. Bozman denies the allegations of paragraph 206 of the Complaint.

WHEREFORE, Mr. Bozman hereby respectfully requests that the Complaint filed against him be dismissed with prejudice, and for any other relief that this Court may deem proper.

## COUNT XII
### Negligent Infliction of Emotional Distress
### (Against all Defendants)

207. Mr. Bozman repeats and realleges each and every Answer set forth in the preceding paragraphs as if each were fully set forth herein.

208. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 208 of the Complaint and, therefore, denies same.

209. Mr. Bozman denies the allegations of paragraph 209 of the Complaint.

210. Mr. Bozman denies the allegations of paragraph 210 of the Complaint.

211. Mr. Bozman is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations contained in paragraph 211 of the Complaint and, therefore, denies same.

212. Mr. Bozman denies the allegations of paragraph 212 of the Complaint.

WHEREFORE, Mr. Bozman hereby respectfully requests that the Complaint filed against him be dismissed with prejudice, and for any other relief that this Court may deem proper.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Bozman hereby respectfully requests the following relief:

A. That the Complaint filed against Mr. Bozman be dismissed with prejudice;

B.     That this Honorable Court enter judgment in favor of Mr. Bozman and against Plaintiff;

C.     That this Honorable Court award Mr. Bozman his reasonable attorneys' fees and costs incurred in this action; and

D.     Such other and further relief as this Honorable Court deems just and proper under the circumstances.


## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Mr. Bozman generally denies liability for all counts asserted.

### SECOND DEFENSE

The Complaint fails to state a claim against Mr. Bozman upon which relief can be granted.

### THIRD DEFENSE

The damages claimed by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons or entities for whom/over which Mr. Bozman had no control or right of control and for whom/over which Mr. Bozman is not legally responsible.

### FOURTH DEFENSE

Plaintiff's claims are barred by her own bad faith and/or unclean hands.

### FIFTH DEFENSE

Mr. Bozman denies that Plaintiff has suffered the damages as described in the Complaint. However, if Plaintiff has suffered such damages, they were caused in whole or in part by the conduct of the Plaintiff or of third parties and, therefore, any award against Mr. Bozman should be

reduced by virtue of contributory negligence, comparative negligence, contribution, apportionment, and/or indemnity.

## SIXTH DEFENSE

Plaintiff's claims are barred because Mr. Bozman had no notice of any alleged misconduct by Mr. Collins.

## SEVENTH DEFENSE

Plaintiff's claims against Mr. Bozman are barred because the allegations against Mr. Collins are intentional acts outside the scope of his employment with PAVFC.

## EIGHTH DEFENSE

Plaintiff's claims are barred because Mr. Bozman exercised reasonable care in preventing and promptly correcting any alleged harassing or retaliatory behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Mr. Bozman and/or PAVFC or to avoid harm otherwise.

## NINTH DEFENSE

Mr. Bozman did not have any actual or constructive knowledge of Mr. Collins' alleged misconduct or any alleged propensity for such alleged misconduct.

## TENTH DEFENSE

Mr. Bozman did not know and/or could not have known by the exercise of diligence and reasonable care that Mr. Collins was capable of inflicting the alleged harm.

## ELEVENTH DEFENSE

Proper care was used in selecting, supervising, and/or retaining employees of PAVFC.

## TWELFTH DEFENSE

Mr. Bozman did not breach any duty owed to Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's alleged damages were the result of an interveving and superseding cause or causes and are not the substantial result of the acts or omissions of Mr. Bozman and, therefore, any action on the part of Mr. Bozman was not the proximate and/or competent producing cause of any such alleged damages.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by waiver, laches, acquiescence, estoppel.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's own negligence or other improper conduct.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred to the extent that the alleged damages were the result of unrelated, pre-existing, or subsequent circumstances unrelated to any conduct of Mr. Bozman.

## EIGHTEENTH DEFENSE

The action is barred by Res Judicata and/or Collateral Estoppel (Claim and/or Issue Preclusion).

## NINETEENTH DEFENSE

Plaintiff's claims are barred by charitable immunity.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by assumption of the risk.

## TWENTY FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by contributory negligence.

## TWENTY SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by her own conduct.

## TWENTY THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by her express and/or implied consent.

## TWENTY FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by her lack of standing.

## TWENTY FIFTH DEFENSE

Plaintiff's claims are barred as Plaintiff has failed to join a necessary party to this action.

## TWENTY SIXTH DEFENSE

Plaintiff's claims are barred for failure to exhaust administrative remedies required by state and/or federal laws.

## TWENTY SEVENTH DEFENSE

Plaintiff's claims are barred by the Negligence/Fault of others, not Mr. Bozman.

## TWENTY EIGHTH DEFENSE

Plaintiff's claims are barred by her own unclean hands or after-acquired evidence.

## TWENTY NINTH DEFENSE

Plaintiff's claims are barred because prompt corrective action was taken.

## THIRTIETH DEFENSE

Plaintiff's claims are barred by the mixed motive defense.

## THIRTY FIRST DEFENSE

Plaintiff's claims are barred because she was employed at-will and was lawfully terminated.

## THIRTY SECOND DEFENSE

Plaintiff's claims are barred by lack of jurisdiction.

## THIRTY THIRD DEFENSE

Plaintiff's claims are barred by improper venue.

## THIRTY FOURTH DEFENSE

Plaintiff cannot establish the requisite causal connection between her termination and any alleged protected conduct.

## THIRTY FIFTH DEFENSE

Plaintiff did not put Mr. Bozman on notice of any alleged prior misconduct by Mr. Collins.

### THIRTY SIXTH DEFENSE

All the employment actions affecting Plaintiff were based on legitimate, non-retaliatory reasons. Alternatively, Mr. Bozman or PAVFC would have taken the same employment action despite any proven retaliatory motive or absent any exercise by Plaintiff of rights protected under the law.

### THIRTY SEVENTH DEFENSE

Plaintiff is not entitled to punitive damages, pecuniary damages, attorneys' fees or costs.

### THIRTY EIGHTH DEFENSE

Plaintiff is not entitled to back pay, front pay, or compensatory damages.

### THIRTY NINTH DEFENSE

Plaintiff is not entitled to any additional amount to account for any taxes she is responsible to pay in relation to any award of damages.

### FORTIETH DEFENSE

Plaintiff is not entitled to injunctive relief.

### FORTY FIRST DEFENSE

Mr. Bozman states that he pleads any matter which could be asserted as an affirmative defense or avoidance. Mr. Bozman reserves the right to rely on any defense asserted by any other defendant who may be named and/or joined as a party to this action, to add such additional defenses as may appear appropriate based on additional investigation or discovery, and to amend this Answer after investigation and discovery is completed.

**WHEREFORE**, Defendant, Charles Ryan Bozman, hereby respectfully requests that the Complaint filed against him be dismissed with prejudice, and for any other relief that this Court may deem proper.

## JURY DEMAND

Defendant, Charles Ryan Bozman, hereby demands a trial by jury on all matters raised in this action.

Respectfully Submitted,

*/s/ Michele R. Kendus*
Michele R. Kendus (Bar # 26586)
Kendus Law LLC
300 East Lombard Street, Suite 840
Baltimore, MD 21202
T: (443) 690-1922
F: (410)814-7539
michele@kendus-law.com

*/s/ Ashley L. Ensor*
Ashley L. Ensor (Bar # 19902)
Gorman & Williams
36 South Charles Street, Suite 900
Baltimore, MD 21201
T: (410) 528-0600
F: (410) 528-0602
aensor@gw-law.com

*Attorneys for Defendants*
*Prince Anne Volunteer Fire Company &*
*Charles Ryan Bozman*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 16, 2023, a copy of the foregoing Defendant Charles Ryan Bozman's Answer to the Complaint and Affirmative Defenses was served via CM/ECF on:

Drew LaFramboise, Esq. (Bar No. 20288)
Michal Shinnar, Esq. (Bar No. 19757)
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200 (telephone)
(301) 220-1214 (fax)
mshinnar@jgllaw.com
dlaframboise@jgllaw.com

*Attorneys for Plaintiff*

*/s/ Michele R. Kendus*
Michele R. Kendus (Bar # 26586)