UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**J. Mark Coulson**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**P: (410) 962-4953 | F: (410) 962-2985**<br>**mdd_jmcchambers@mdd.uscourts.gov** |

September 18, 2024

LETTER ORDER AND OPINION TO COUNSEL

RE:   *White v. Princess Anne Volunteer Fire Company, Inc., et al.*
       Civil No. 1:23-cv-02328-JMC

Dear Counsel:

Pursuant to the Court's Memorandum To Parties Regarding Informal Discovery (ECF No. 25), the parties notified the Court by joint correspondence on September 17, 2024 of the existence of a discovery dispute. (ECF No. 36). The dispute concerns the in-person attendance of one of the named defendants, Eltonio Collins, at Plaintiff's deposition. *Id*. The parties subsequently submitted their respective position letters. (ECF Nos. 37, 38). The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). As set forth more fully below, the Court will GRANT Plaintiff's request.

As a general matter, Rule 30(c) of the Federal Rules of Civil Procedure regarding depositions provides, in pertinent part, that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). Though this provision is somewhat cryptic, the Advisory Committee Notes on Section c's 1993 Amendments clarify that changes were made to make plain that FRE 615's sequestration rules do not apply to depositions, suggesting that Rule 30 would allow any witness to attend the deposition of any other witness.[1] *See Maryland Physician's Edge, LLC v. Behram* No. DKC-17-2756, 2018 WL 3092251, at *2-3 (D. Md. June 22, 2018).

This Court's Discovery Guidelines, appended to its Local Rules, serve to further restrict deposition attendees. Specifically, Guideline 6(h) states, "Unless otherwise ordered by the Court, the following persons may, without advance notice, attend a deposition: individual parties, a representative of non-individual parties, and expert witnesses of parties." Loc. R. Appendix A, Guideline 6(h). And, even with regard to this more presumptively restricted list of attendees, Federal Rule of Civil Procedure 26(c)(1)(E) provides that the Court, for good cause, may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense including…designating the persons who may be present while the discovery

---

[1] As noted by the Advisory Committee, Rule 30(c) does not speak to the broader question as to whether other members of the public or even the press can attend a deposition. *See* Advisory Committee Notes, 1993 Amendments ("The revision addresses only the matter of attendance by potential deponents, and does not attempt to resolve issues concerning attendance by others, such as members of the public or press.").

1

is conducted." Fed. R. Civ. P. 26(c)(1)(E). This Court has entered such orders under appropriate circumstances. *See, e.g.*, *Maryland Physician's Edge, supra* at *3 (restricting deposition attendance by multiple corporate representative where attendance was strategically aimed at educating the witnesses in advance of their respective depositions); *Barjo v. Cherian*, No. RWT-18-1587, 2019 WL 12323323, at *1 (D. Md. Feb. 14, 2019) (finding good cause to bar defendant's family members from attending plaintiff's deposition where plaintiff's case involved allegations of trauma suffered in such members' household secondary to forced labor and psychological abuse).

The Court has broad discretion in deciding when a protective order is appropriate, weighing the competing needs and interests of the parties. *Barjo, supra* at *1, (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). This includes the power, where appropriate, "to prevent intimidation of or harm to a witness who is fearful of the opposing party." *Id.* (citing *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008)). In *Barjo*, Judge Titus of this Court barred two of the named defendants from attending the Plaintiff's deposition, given her apprehension of being in the presence of those she was accusing of forced labor and psychological abuse. *Id.* At the same time, to avoid prejudice, he allowed video or telephonic attendance, and regular breaks to allow defense counsel to consult with their clients.[2] *Id.*

In his opposition, Mr. Collins reiterates the normal rule that a party be allowed to attend the deposition of the opposing party (and the strategic benefits of being able to do so), as well as the burden Plaintiff bears in justifying the protective order she seeks. (ECF No. 38). He also argues that he was never charged, nor did Plaintiff seek out any kind of a peace order against him. Finally, he argues that Plaintiff's designated expert does not advocate for his exclusion.

To be sure, Plaintiff's allegations are just that at this stage. Nonetheless, Plaintiff is accusing Defendant Collins of sexually assaulting her. While those allegations have not been pursued by authorities, that is not dispositive as other factors may influence those alternative channels, including differing burdens of proof and an unwillingness of victims to participate in what is sometimes a more intrusive fact-finding process. Plaintiff argues that Mr. Collins' physical presence may cause emotions surrounding the alleged trauma to resurface, undermining her ability to fully appreciate and respond to questioning, and this is not farfetched against the backdrop of such allegations. (ECF No. 37 at 2). Additionally, the Court's view of the letter submitted by Dr. Boyd is that it is more supportive of the accommodation Plaintiff requests than Defendant's position. (ECF No. 37-2).

Under those circumstances, the Court finds that Plaintiff has met her burden and will preclude Mr. Collins from attending Plaintiff's deposition in person, but will permit him to attend

---

[2] Plaintiff cites additional supportive cases with similar facts. *See, e.g.*, *Austin v. Fordham Univ.*, No. 23 Civ. 4696, 2024 WL 3161854 (S.D.N.Y. June 25, 2024) (granting the plaintiff's motion for a protective order to prohibit the third-party defendant from attending, in person, the plaintiff's deposition, wherein the plaintiff alleged that the plaintiff suffered physical, sexual, and psychological injuries due to defendants' alleged rape and sexual assault of him); *Ameduri v. Frankfurt*, No. 6:11-CV-0050, 2012 WL 13172920, at *9-11 (N.D.N.Y. Jul. 17, 2012) (finding good cause to exclude two defendants from attending plaintiff's deposition wherein plaintiff provided evidence of a diagnosis of PTSD and his psychiatrist's opinion that it would not be in the best interest for plaintiff to be deposed in the presence of the defendants because his condition was caused and aggravated by those defendants).

telephonically or virtually (with his camera off), with regular breaks at 45 minute intervals to allow for Defense counsel to consult with him, and also allow Plaintiff to consult with her counsel.  These breaks will not count against the seven-hour limit.

        Notwithstanding its informal nature, this constitutes an order of the Court and should be flagged as an opinion.

        Sincerely yours,

/s/

J. Mark Coulson  
United States Magistrate Judge